RECEIVED
USDC CLERK, COLUMBIA, SC

2026 MAY 18 PM 1:39

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BYRON BEDELL,<br>Plaintiff. | ) <br> ) Case No: 25-cv-61497 <br> ) <br> ) JURY TRIAL DEMAND |
| v. | ) <br> ) <br> ) Hon.    3:26-2002-SAL-SVH |
| COLLECTION BUREAU OF THE<br>HUDSON VALLEY, INC.<br>Defendant. | ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. This is a civil action for damages brought by Plaintiff Byron Bedell against Defendant Collection Bureau of the Hudson Valley, Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from Defendant's attempts to collect an alleged consumer debt after Plaintiff refused to pay and from Defendant's misleading representations concerning the amount of the alleged d

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The venue in this district is proper as Defendant transact business the District of South Carolina and Plaintiff resides in this District.

## PARTIES

3. Plaintiff Byron Bedell is a natural person residing in the District of South Carolina and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant, Collection Bureau of the Hudson Valley, Inc. is a corporation with its principal place of business at 155 NORTH PLANK ROAD, NEWBURGH, NY, UNITED STATES, 12550

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6). Defendant's principal business purpose is the collection of consumer debts, and Defendant regularly collects or attempts to collect debts owed or due to another.

## FACTUAL ALLEGATIONS

6.. Defendant is a third party collection agency based in Newburg. New York, Defendant is not the original creditor of the alleged debt at issue.

7. The alleged debt arises from a "personal line of credit" account originally owed to BETHPAGE FEDERAL CREDIT UNION and was incurred for personal and household purposes, not for any business or commercial use.

8. Defendant was attempting to collect the alleged debt on behalf of another entity and reported the account as a collection account on Plaintiff's consumer credit report, identifying itself as a third-party collector rather than the original creditor.

9. On or about May 12, 2026, Defendant called Plaintiff attempting to collect an alleged debt in the amount of $10,953.46

10. On the same day (at 4:58 p.m), Plaintiff sent an email to Defendant, clearly stating that Plaintiff refused to pay the alleged debt. **(See EXHIBIT A)**

11. Defendant received Plaintiff's written refusal to pay. Despite receiving Plaintiff's refusal to pay, Defendant sent a response (at 8:00 p.m.) attempting to collect the alleged debt in the amount of $10,953.46. **(See EXHIBIT B)**

12. At the time Defendant attempted to collect the alleged debt in the amount of 10,953.46 Plaintiff's consumer credit report reflected the balance of the account as $10,612 **(See EXHIBIT C)**

13. Defendant did not explain or provide documentation supporting the difference between the amount stated in its communication and the amount reflected on Plaintiff's consumer credit report.

14. Defendant's email was functional and actively monitored. Therefore, Defendants cannot credibly assert that the conduct resulted from a bona fide error. The communications at issue were sent after receipt of Plaintiff's correspondence, demonstrating that Defendants had the ability and opportunity to review and process the notice but failed to do so. This indicates a conscious or reckless disregard of Plaintiff's rights rather than an unintentional clerical or procedural mistake

## COUNT I
## FDCPA VIOLATION 15 U.S.C. §§1692c (c)

15. Plaintiff incorporates paragraphs as through fully stated herein..

16. On May 12, 2026, Plaintiff sent Defendant a written communication clearly stating that Plaintiff refused to pay the alleged debt.

17. After receiving Plaintiff's written refusal to pay, Defendant continued to communicate with Plaintiff regarding the alleged debt.

18. Defendant's continued communications were not for any purpose permitted after a refusal to pay.

19. Plaintiff suffered actual, statutory and punitive damages, including but not limited to mental anguish, anxiety, emotional distress, agony, decreased ability to concentrate at work,'time wasted addressing the improper conduct, and frustration, among other negative emotional and mental harm.

## COUNT II
## FDCPA VIOLATIONS 15 U.S.C. §§1692e

20. Plaintiff incorporates paragraphs as though fully stated here.

21. Defendant represented to Plaintiff that the amount of the alleged debt was $10, 953.46.

22. At the time of Defendant's communication, Plaintiff's consumer credit report reflected the balance of the same account as $10,614.00.

23. Defendant failed to explain or substantiate the discrepancy between the amount it attempted to collect and the amount reflected on Plaintiff's credit report

24. Plaintiff suffered actual, statutory and punitive damages, including but not limited to mental anguish, anxiety, emotional distress, agony, decreased ability to concentrate at work,'time wasted addressing the improper conduct, and frustration, among other negative emotional and mental harm.

## JURY DEMAND AND PRAYER FOR RELIEF

 WHEREFORE, Plaintiff respectfully demands a jury trial and Prays that the Court enter judgment in favor of Plaintiff and against Defendant and award:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Actual damages;

C. Costs of this action; and

D. Such other relief as the Court deems just and proper.

Dated: May 14, 2026

Respectfully Submitted

Byron Bedell

100 Throw Bridge Rd.
Trowbridge
Columbia, SC 29229

Email: byronbedell@gmail.com